IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT JOHNSON,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-00971
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On September 15, 2016, *Judgment* was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 19.) On September 26, 2016, the Court issued an *Opinion and Order* denying the request for a certificate of appealability. (ECF No. 22.) On April 27, 2017, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. (ECF No. 25.) Petitioner has filed a *Motion to Set Aside Judgment*. (ECF No. 26.) For the reasons that follow, the motion (ECF No. 26) is **DENIED**.

Petitioner seeks reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure of the Court's September 16, 2016, *Opinion and Order* denying his request for a certificate of appealability. Referring to *Buck v. Davis*, -- U.S. --, 137 S.Ct. 759 (2017), Petitioner contends that the Court improperly denied his request for a certificate of appealability.

Assuming that Petitioner's motion may properly be addressed under Rule 60(b) (*see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (Rule 60(b) cannot be used to circumvent the limitations on the filing of successive habeas corpus petitions under 28 U.S.C. § 2244(b)(3)), the record nonetheless fails to reflect that relief is warranted. "[T]he decision to grant Rule 60(b)(6)

relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (citing *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)). Further, "public policy favoring finality of judgments and termination of litigation" constrains relief under the provision of Rule 60(b); "[p]articularly strict standards apply to motions made pursuant to Rule 60(b)(6), under which a court may grant relief " 'only in exceptional or extraordinary circumstances' where principles of equity 'mandate' relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (citations omitted). Such are not the circumstances here.

Petitioner maintains that the Court misapplied the standard governing the issuance of a certificate of appealability, in view of *Buck*, 137 S.Ct. at 759. In *Buck*, "the Supreme Court held a circuit court should not decide the merits on an application for a certificate of appealability, but just the debatability question." *Dilingham v. Warden*, No. 1:13-cv-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017). "To put the merits question first, the Court said, is to decide the merits of an appeal without jurisdiction to do so because appellate jurisdiction depends on there being an issued certificate of appealability." *Id*. However, *Buck* does not assist Petitioner here. *See id*. (It is only in the Court of Appeals that "the appealability question comes first as held in *Buck*."); *see also United States v. Alford*, No. 3:00-cr-065, 2017 WL 1734225, at *2 (S.D. Ohio May 4, 2017) (concluding that *Buck* does not retroactively apply to cases on collateral review).

Moreover,

> once this Court has made a decision regarding appealability and the matter is addressed *de novo* by the Sixth Circuit, this Court's decision becomes moot. And the Sixth Circuit's decision regarding whether a certificate of appealability should or should not issue

> becomes the law of the case and must be followed by this Court. Therefore, Cook cannot seek relief from this Court based upon a claim that an incorrect decision was made on issuance of a certificate of appealability. If he clams the error was committed by this Court, the issue is moot because it was addressed subsequently by the Sixth Circuit *de novo*. Conversely, if he claims that the Sixth Circuit erred in not issuing a certificate of appealability, he is making a claim beyond the reach of this Court unless and until the Sixth Circuit permits a second or successive motion to be filed.

*United States v. Cook*, No. 5:06-183-DCR, 2017 WL 2872369, at *3 (E.D. Ky. July 5, 2017); *see also United States v. Alford*, 2017 WL 1734225, at *2 ("[T]his Court does not have jurisdiction to change a decision of the Sixth Circuit."); *Dilingham,* 2017 WL 2569754, at *2 ("[W]e have no power to issue a certificate when the court of appeals has determined on the same record that was before us that a certificate is not warranted.").

Therefore, Petitioner's *Motion to Set Aside Judgment* (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED.**

Date: August 17, 2017

                                                 s/ James L. Graham
                                                 JAMES L. GRAHAM
                                                 United States District Judge