IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT JOHNSON,

       Petitioner,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

       Respondent.

CASE NO. 2:15-CV-00971
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

Petitioner has filed what has been docketed as a Motion for Reconsideration of the Court's August 17, 2017, Opinion and Order denying Petitioner's Motion to Set Aside Judgment. (ECF No. 35.)  Petitioner requests reconsideration of the denial of his request for a certificate of appealability in view of *Buck v. Davis*, -- U.S. --, 137 S.Ct. 759 (2017).  Petitioner complains that the United States Court of Appeals for the Sixth Circuit improperly denied his request for a certificate of appealability and has refused to reconsider that ruling.  Petitioner maintains that he is the victim of a manifest miscarriage of justice, because his convictions rely on the false or misleading testimony of the alleged victim and improper admission of DNA evidence.

This Court has already rejected Petitioner's prior motion for reconsideration of the denial of his request for a certificate of appealability based on *Buck.*  (*Opinion and Order*, ECF No. 27.) Petitioner has provided no new basis for reconsideration of that decision.  Further, the record is without support for Petitioner's claim that he is actually innocent.  *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

> The Sixth Circuit has "required a petitioner arguing actual innocence to produce a Supreme Court or Sixth Circuit precedent that establishes that 'he now stands

> convicted of a crime that the law does not deem criminal.'" [*Penney v. United States*, 870 F.3d 459, 463 (6th Cir. 2017)] (quoting *Phillips v. United States*, 734 F.3d 573, 582–83 (6th Cir. 2013)). Additionally, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

*United States v. Bolze*, No. 3:09-CR-93-TAV-DCP-1, 2020 WL 6151560, at * 3 (E.D. Tenn. Oct. 20, 2020). Moreover, the Sixth Circuit has denied Petitioner's request for a certificate of appealability and motion for authorization to file a successive habeas corpus petition on the basis that the admission DNA evidence violated his right to due process and equal protection. (ECF Nos. 25, 34.) This Court is without the authority to alter a decision of the United States Court of Appeals for the Sixth Circuit. As previously discussed,

> once this Court has made a decision regarding appealability and the matter is addressed *de novo* by the Sixth Circuit, this Court's decision becomes moot. And the Sixth Circuit's decision regarding whether a certificate of appealability should or should not issue becomes the law of the case and must be followed by this Court. Therefore, Cook cannot seek relief from this Court based upon a claim that an incorrect decision was made on issuance of a certificate of appealability. If he clams the error was committed by this Court, the issue is moot because it was addressed subsequently by the Sixth Circuit *de novo*. Conversely, if he claims that the Sixth Circuit erred in not issuing a certificate of appealability, he is making a claim beyond the reach of this Court unless and until the Sixth Circuit permits a second or successive motion to be filed.

*United States v. Cook*, No. 5:06-183-DCR, 2017 WL 2872369, at *3 (E.D. Ky. July 5, 2017); *see also United States v. Alford*, 2017 WL 1734225, at *2 ("[T]his Court does not have jurisdiction to change a decision of the Sixth Circuit."); *Dilingham v. Warden*, No. 1:13-cv-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017) ("[W]e have no power to issue a certificate when the court of appeals has determined on the same record that was before us that a certificate is not warranted.").

For all of the foregoing reasons, Petitioner's most recent Motion for Reconsideration (ECF No. 35) is **DENIED.**

Petitioner has filed a Motion for a Certificate of Appealability and to reopen Case No. 16-4076 in the Court of Appeals, and Motion for Leave to Appeal *in forma pauperis*. (ECF Nos. 36, 37.) These motions were originally filed under a new case number, but they were later properly filed in the instant case as relating to Petitioner's motion for reconsideration and his request to reopen the matters previously litigated here. This court has no authority to reopen Petitioner's prior appeal in Case No. 16-4076. As to Petitioner's requests for leave to proceed *in forma pauperis* and for a certificate of appealability, the court notes that "[i]n contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

Reasonable jurists would not debate the denial of Petitioner's Motion for Reconsideration.  Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Petitioner's Motion for Certificate of Appealability and Motion for Leave to Appeal *in forma pauperis* (ECF Nos. 36, 37) therefore are **DENIED.**

**IT IS SO ORDERED**.

Date: February 3, 2021

_____s/James L. Graham_____
JAMES L. GRAHAM
UNITED STATES DISTRICT JUDGE