IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Vincent Johnson,

    Petitioner,

v.

Warden, Chillicothe Correctional Institution,

    Respondent.

Case No: 2:15-cv-971

Judge Graham

Magistrate Judge Deavers

## Opinion and Order

Petitioner Vincent Johnson, a state prisoner, originally brought this action for a writ of habeas corpus, 29 U.S.C. § 2254, in March 2015. He challenged his convictions for rape, attempted rape, kidnapping, abduction, and domestic violence on two grounds. First, he asserted that the trial court abused its discretion by permitting admission of DNA evidence, and that he thereby was denied due process and equal protection. Second, he asserted that he was denied his right to grand jury findings due to an improper amendment of the indictment.

This Court dismissed the petition and denied motions for a certificate of appealability and leave to proceed on appeal in forma pauperis. Docs. 18, 22, 24. The Court of Appeals likewise denied petitioner's application for a certificate of appealability and his IFP motions. Doc. 25. The United State Supreme Court denied his petition for writ of certiorari in November 2017. Doc. 29.

Petitioner continued to file various motions requesting relief. Those motions included a motion to set aside the judgment, a petition for writ of mandamus, a motion for reconsideration, a motion to reopen the appeal, and a motion for an order authorizing the filing of a second or successive habeas corpus petition. All of petitioner's motions were denied, as well as his corresponding applications for certificates of appealability, motions for leave to procced IFP, and petitions for writ of certiorari. Docs. 27, 30, 32, 34, 38, 42, 44.

This matter is now before the Court on six motions which Petitioner has recently filed. He has filed a motion for the filing of an "independent action," a motion to transfer the independent action to the Sixth Circuit, motions for leave to proceed IFP, and applications for certificates of appealability.

The Court must deny all of petitioner's motions. The motions present no new claims, evidence or rules of constitutional law. As he has done before, petitioner "complains that the

1

United States Court of Appeals for the Sixth Circuit improperly denied his request for a certificate of appealability and has refused to reconsider that ruling." Doc. 38 at PAGEID 1085. With the Sixth Circuit having dismissed his most recent appeal (on the grounds that an order denying a certificate of appealability is not appealable), petitioner now attempts to circumvent that ruling by asking this Court to authorize "the reopening and the setting aside" of the Sixth Circuit's April 27, 2017 order denying petitioner's application for certificate of appealability. Doc. 46 at PAGEID 1107–08. Petitioner would then have this Court transfer the re-opened, but "independent," case to the Sixth Circuit, along with a certificate of appealability and grant of leave to proceed IFP.

As the Court has previously explained, "[t]his Court is without the authority to alter a decision of the United States Court of Appeals for the Sixth Circuit. . . . '[I]f [petitioner] claims that the Sixth Circuit erred in not issuing a certificate of appealability, he is making a claim beyond the reach of this Court unless and until the Sixth Circuit permits a second or successive motion to be filed.'" Doc. 38 at PAGEID 1086 (quoting *United States v. Cook*, No. 5:06-183-DCR, 2017 WL 2872369, at *3 (E.D. Ky. July 5, 2017)). The Court reaches the same conclusion it reached before: this Court has "no authority to reopen Petitioner's prior appeal." *Id.* at PAGEID 1087.

Accordingly, petitioner's motions to file an independent action and to transfer the independent action to the Sixth Circuit (docs. 45, 46) are DENIED.

Reasonable jurists would not debate whether the Court's denial of petitioner's motions was proper. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Petitioner's motions for a certificate of appealability (docs. 52, 53) and motions for leave to appeal in forma pauperis (docs. 47, 48) are thus DENIED.

                                                         s/ James L. Graham  
                                                         JAMES L. GRAHAM  
                                                         United States District Judge

DATE: April 12, 2022